GARCÍA, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Pro-
piedad de Guayama, denegatoria de inscripción de una
declaratoria de herederos.

No. 402.—Resuelto en julio 10, 1919.

BIENES GANANCIALES—INSCRIPCIÓN DIRECTA DEL DERECHO HEREDITARIO.—Muerto
el padre o la madre, la inscripción de sus bienes gananciales puede hacerse
directamente a favor de sus herederos, sin que por ello se viole el precepto
contenido en el artículo 20 de la Ley Hipotecaria. Va demasiado lejos la
Dirección General de los Registros de España en su resolución de enero 26,
1906, por la cual limita su constante doctrina de que "para inscribir sim-
plemente el derecho hereditario basta presentar el testamento o el auto'de
declaratoria de herederos abintestato * * * al caso de que el causante
de la herencia hubiera fallecido en estado de soltero o viudo." La doctrina
se ha venido aplicando también al caso en que el causante de la herencia
hubiera fallecido siendo casado, y no existe ningún motivo poderoso para
cambiar de criterio.
ID.—ID.—LIQUIDACIÓN DE LA SOCIEDAD DE GANANCIALES—INSCRIPCIÓN PROINDI-
VISO A FAVOR DE LA VIUDA Y DE SUS HIJOS.—Aunque la mejor práctica es

liquidar la sociedad de gananciales en el término más breve posible después de disuelta, no puede,- sin embargo, sostenerse que tal liquidación sea un requisito indispensable para inscribir proindiviso a favor del cónyuge sobreviviente y de los hijos los bienes gananciales previamente inscritos a nombre del cónyuge difunto, para lo cual basta la presentación en el registro del testamento con la certificación de defunción del testador, o la declaratoria de herederos.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. R. Cintrón Lastra.*

El registrador recurrido, Sr. Francisco Socorro, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 25 de octubre de 1918 la Corte de Distrito de Guayama declaró únicos y universales herederos del finado Federico Ortiz y Ortiz a sus legítimos hijos José Federico, José Elías, Santiago, Felícita, Gloria, y María Oliva Ortiz y García y a su viuda Amalia Matilde García en la cuota usufructuaria que la ley determina. Los herederos presentaron en el registro de la propiedad del distrito una copia certificada de la resolución de la corte y el registrador se negó a inscribir el documento ''porque si bien, según el registro, se hallan inscritas las fincas a nombre de Federico Ortiz y Ortiz, adquiridas durante su matrimonio con Amalia García con quien estaba aun casado al fallecer, en rigor dichos bienes están inscritos a nombre de la sociedad conyugal, y, por tanto, mientras no se verifique la liquidación de la misma, no puede estimarse como pertenecientes al caudal hereditario, ni, en su consecuencia, inscribirse a favor de los herederos del dicho Federico Ortiz y Ortiz, lo que en realidad no está inscrito a favor del causante.'' Cita el registrador en apoyo de su nota el artículo 20 de la Ley Hipotecaria, los artículos 1316, 1322, 1330 y 1337 del Código Civil y la resolución de la Dirección General de los Registros de España de 26 de enero de 1906.

Estamos conformes con el registrador en que la inscripción de los bienes de que se trata en este caso, no obstante

haberse verificado a nombre del marido, debe reputarse hecha a favor de la sociedad de gananciales, pero no podemos convenir en las consecuencias que de tal circunstancia deduce dicho funcionario.

Muerto el padre o la madre, la inscripción de sus bienes gananciales puede hacerse directamente a favor de sus herederos sin violar el precepto contenido en el artículo 20 de la Ley Hipotecaria. Así lo tiene declarado la Dirección General de los Registros de España repetidas veces. A continuación transcribimos dos considerandos de su resolución de 27 de marzo de 1892.

"Considerando que esta Dirección, en sus resoluciones de 3 y 6 de julio de 1863, tiene sentada la doctrina de que la inscripción a favor del padre es suficiente cuando se trata de inscribir a nombre de los hijos los bienes gananciales que correspondían a su madre;

"Considerando que las dos citadas resoluciones y la de 22 de enero de 1886, se fundan en la presunción legal de que todo lo que adquiere a título oneroso cualquiera de los cónyuges durante el matrimonio se reputa como adquirido por la sociedad conyugal, y por ende aunque en la inscripción figure sólo el nombre del cónyuge adquirente, se sobreentiende hecha a favor de dicha sociedad; de donde se infiere que no hay infracción del artículo 20 de la ley ni del 34 de su reglamento al inscribir a nombre de los hijos y herederos de los cónyuges los bienes que indudablemente estaban inscritos a favor de sus causantes."

En cuanto a la necesidad de la liquidación de la sociedad de gananciales previamente a la inscripción del derecho hereditario, opinamos que va demasiado lejos la Dirección General de los Registros de España en su resolución de 26 de enero de 1906 invocada por el registrador. La Dirección limita su constante doctrina de que "para inscribir simplemente el derecho hereditario basta la presentación del testamento o del auto de declaración de herederos abintestato, * * * al caso que el causante de la herencia hubiera fallecido en estado de soltero o viudo." La doctrina se ha venido aplicando también al caso que el causante hu-

biera fallecido siendo casado, y no existe a nuestro juicio ningún motivo poderoso para variar de criterio.

Lo que se inscribe es simplemente el derecho hereditario. Los derechos a la sucesión de una persona se trasmiten desde el momento de su muerte. En este caso Federico Ortiz y Ortiz tenía inscritas a su favor varias fincas en el registro, adquiridas durante su matrimonio con doña Amalia Matilde García. Murió, y, en el acto mismo de su muerte, sus derechos pasaron a su sucesión. Por medio de un documento auténtico aparece quiénes son las personas que componen esa sucesión. Todo lo que correspondía al difunto corresponde ahora a sus herederos y para verificar la inscripción en que así conste no se requiere en verdad como elemento indispensable la liquidación de la sociedad de gananciales. Véanse los casos de *Sucesión Dávila* v. *El Registrador,* 15 D. P. R. 669, y *Chiqués* v. *El Registrador de Caguas,* 27 D. P. R. 91. Es cierto que en este caso el escrito solicitando la inscripción no hace referencia a bienes gananciales y pide la inscripción al parecer de la totalidad de las fincas a favor de los herederos, pero el registrador teniendo en cuenta las constancias del registro pudo limitarse a inscribir lo que, según el registro, correspondía al causante de los peticionarios, esto es, la mitad de las fincas, sujeta la inscripción a las resultancias de la liquidación de la sociedad de gananciales. Véase el caso de *Ríos* v. *El Registrador,* 19 D. P. R. 742.

No debe interpretarse nuestra actitud como induciendo a prescindir de la liquidación de la sociedad de gananciales. Al contrario, recomendamos que los preceptos de la ley se sigan. La experiencia demuestra que muchos pleitos surgen por no haberse cumplido debidamente o a tiempo las claras prescripciones del Código Civil sobre la materia. Disuelta la sociedad de gananciales, inmediatamente o en el término más breve que sea posible, debe procederse a su liquidación. La inscripción que se haga entonces en el registro no será

en términos generales, sino concretos y especiales y esto redundará en bien de los propios interesados.

Por virtud de todo lo expuesto, opinamos que debe revocarse la nota recurrida y ordenarse la inscripción solicitada en la forma que se indica en esta opinión.

> *Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.